UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-2762 JGB (MARx)** | Date | March 12, 2026 |
|---|---|---|---|
| Title | *Fleet XL Inc. v. Aslan Towing Inc, et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order to Show Cause re Dismissal for Failure to Prosecute (IN CHAMBERS)**

On October 17, 2025, plaintiff Fleet XL, Inc. ("Plaintiff") filed a complaint against defendant Aslan Towing, Inc. ("Defendant") and Does 1-10. ("Complaint," Dkt. No. 1.) On November 26, 2025, Plaintiff served the summons and Complaint on Defendant. (Dkt. No. 9.) Defendant's answer was due no later than December 17, 2025. (Id.) To date, Defendant has not answered the Complaint. Plaintiff filed a request for entry of default on January 23, 2026. ("Request," Dkt. No. 10.) On January 26, 2026, the Clerk filed a Notice of Deficiency because: "[T]he name of the person served does not exactly match the person named in the complaint." ("Notice," Dkt. No. 11.) Since that date, Plaintiff has not filed a new request for entry of default or corrected the noted deficiency.

Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). A plaintiff must prosecute their case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). Here, it appears that Plaintiff has failed to prosecute the case with reasonable diligence because he has failed to correct the noted deficiency or file a new request for entry of default as to Defendant for over one month.

Accordingly, the Court **ORDERS** Plaintiff, **on or before March 26, 2026**, to correct the deficiency and file a new request for entry of default as to Defendant or to show cause in writing

as to why Plaintiff has not requested an entry of default.  Failure to comply with this order may result in dismissal of the action.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court finds that this matter is appropriate for submission without oral argument.

**IT IS SO ORDERED.**